IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAQUALON CUNNINGHAM                                          PLAINTIFF

v.                              No. 4:23-cv-30-DPM

JANINA BONWICH and
UNIVERSITY OF ARKANSAS                                       DEFENDANTS

ORDER

1.   Cunningham is an Arkansas Medicaid participant. In 2021, he sought treatment for a painful skin condition at the University of Arkansas Medical Sciences hospital. His doctor, Janina Bonwich, recommended surgery to remove a cyst. Cunningham says that the surgeon removed more of his skin and tissue than was discussed before the surgery. He also says that he was discharged the day after surgery despite his disagreement. After he was discharged, he says he had to go to a wound-care facility. The providers at that facility sent him back to the hospital after they couldn't render care for his incision site. Cunningham alleges that, because of the surgery, he's had many complications and is now unable to walk or lie on his back.

Cunningham brings a claim under 42 U.S.C. § 1983 to enforce a provision of the Medicaid Act; he also presses a state-law negligence claim. He says that Dr. Bonwich and the hospital didn't comply with 42 U.S.C. § 1396a(a)(8) & (10) when they discharged him without a care

plan that provided for his disability. Dr. Bonwich moves to dismiss. She argues that Cunningham can't use § 1983 to enforce the Medicaid Act against an individual doctor.

2. Dr. Bonwich's motion, *Doc. 17*, is granted. Cunningham hasn't alleged that Dr. Bonwich acted under color of state law as required by § 1983. It's not clear from the complaint whether Dr. Bonwich worked for the hospital, which is a state entity. But assuming that there was state action, the claim has a deeper defect. The provisions of the Medicaid Act that Cunningham seeks to enforce govern the contents and coverage that a state Medicaid plan must provide to receive federal funding. That is, the statute regulates the state, not individual doctors. *E.g., Lankford v. Sherman*, 451 F.3d 496, 504 (8th Cir. 2006). The statute doesn't require medical providers to provide a particular discharge plan to their patients.

3. No complete diversity of citizenship exists among the parties. Cunningham does have a negligence claim against Dr. Bonwich under Arkansas law. But, in the absence of a federal claim, the Court is not inclined to exercise supplemental jurisdiction over that state-law matter. 28 U.S.C. § 1367(c)(3).

4. That leaves the University of Arkansas. Cunningham filed suit more than ninety days ago. The docket shows no service on the University. The Court will dismiss the claims against the University without prejudice unless Cunningham shows timely service or seeks

some other relief by 31 January 2024. Fed. R. Civ. P. 4(m). And the Court will dismiss the state-law claims against Dr. Bonwich without prejudice, too, rather than exercise supplemental jurisdiction over them alone. *McManemy v. Tierney*, 970 F.3d 1034, 1040-41 (8th Cir. 2020).

\*    \*    \*

Motion to dismiss, *Doc. 10*, denied as moot. Fed. R. Civ. P. 15(a)(1). Motion to dismiss, *Doc. 17*, partly granted and partly denied without prejudice. The § 1983 claim against Dr. Bonwich is dismissed with prejudice.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 January 2024